IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

SHNEIDRE NEAL,

    Plaintiff,

v.                                    Case No. 3:00-CV-277/LAC

WAYNE-DALTON CORPORATION,

    Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

FILED IN OPEN COURT THIS
12/12/01
CLERK U.S. DISTRICT
COURT, NORTHERN DIST. FL.

134

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with the law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence–that is, the testimony of the witnesses and the exhibits admitted in the record–but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

- Did the person impress you as one who was telling the truth?
- Did he or she have any particular reason not to tell the truth?
- Did he or she have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from the testimony of other witnesses or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

In this case the Plaintiff makes a claim under the Florida Civil Rights Act that prohibits employers from discriminating against their employees in the terms and conditions of their employment because of the employee's sex or gender.

More specifically, the Plaintiff claims that she was subjected to a tangible employment action due, at least in part, to her not acceding to sexual advances or refusal to give in to sexual demands.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence.

*First*: That the Plaintiff was subjected to a tangible employment action, as hereafter defined, for not acceding to sexual advances or refusal to give in to sexual demands, because of her sex or gender;

*Second*: That such sexual advances or demands were made by a supervisor with immediate or successively higher authority over the Plaintiff.

A "tangible employment action" may include a significant change in employment status as a discharge or undesirable reassignment.

If you find that the Plaintiff has proved her claim, you must determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish had been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

     (a)     Emotional pain, mental anguish, and loss of enjoyment of life;

     (b)     Punitive damages, if any (as explained in the Court's instructions)

If you find for the Plaintiff and against the Defendant Wayne-Dalton Corporation, you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find that:

(1) Mr. Woodson's conduct causing damages to the Plaintiff was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or

(2) the conduct showed such an entire lack of care that Mr. Woodson must have been consciously indifferent to the consequences; or

(3) Mr. Woodson's conduct showed such reckless indifference to the rights of the Plaintiff as to be equivalent to an intentional violation of those rights.

If you find for the Plaintiff and against Defendant Wayne-Dalton Corporation, and you find also that Mr. Woodson acted in such a manner as to warrant punitive damages, then if the greater weight of the evidence shows also that Defendant Wayne-Dalton Corporation was negligent and that such negligence contributed to the Plaintiff's damages, you may determine that punitive damages are warranted against Defendant Wayne-Dalton Corporation. If the greater weight of the evidence does not show such negligence by Defendant Wayne-Dalton Corporation independent of the conduct of Mr. Woodson, punitive damages are not warranted against Defendant Wayne-Dalton Corporation.

"Negligence" is the failure to use reasonable care. Reasonable care is the degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should consider the following:

(1) the nature, extent and degree of misconduct and the related circumstances;

(2) the defendant's financial resources.

Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges—the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached a unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.